**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| Michael John Perrault, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 4:17-cv-1690-PMD-TER |
| | ) | |
| v. | ) | <u>**ORDER**</u> |
| | ) | |
| Nancy A. Berryhill, Acting | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Plaintiff Michael John Perreault's[1] objections to United States Magistrate Judge Thomas E. Rogers' report and recommendation ("R & R") (ECF Nos. 15 & 13). The Magistrate Judge recommends that the Commissioner's decision be affirmed. For the reasons stated herein, the Court overrules Perreault's objections and adopts the R & R.

**PROCEDURAL HISTORY**

On April 13, 2018, the Magistrate Judge issued his R & R recommending that the Court affirm the Commissioner's decision. Perreault filed objections on April 26, and the Commissioner replied on May 7. Accordingly, this matter is now ripe for review.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the Magistrate Judge's proposed findings and recommendations within fourteen days after being served with a copy of the R & R. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo

---
1. The record reflects Plaintiff's last name is actually spelled Perreault.

review of any portion of the R & R to which a specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140, 151-52 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **DISCUSSION**

A reviewing court must uphold the findings and conclusions of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion . . . .'" *Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "In reviewing for substantial evidence, [the Court] do[es] not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its own] judgment for that of the [ALJ]." *Id.* (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)). When "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the decision is left to the judgment of the ALJ. *Id.* (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir.1987)).

Perreault raises four objections to the R & R. First, he objects to the weight the ALJ gave to the opinion of his treating physician. Second, he argues that the ALJ did not properly support her RFC finding. Third, he argues that the ALJ did not do her duty to fully inquire about his

condition. Finally, he argues that the ALJ failed to properly evaluate his subjective complaints. The Court addresses each in turn.

### I. Weight Given to the Opinion of the Treating Physician

Perreault argues that the ALJ erred in discounting the opinion of his treating physician, Dr. Pappotto. The ALJ gave the opinions of Dr. Pappotto little weight because they were not supported by the evidence contained in Perreault's treatment records, including Dr. Pappotto's own treatment notes. The ALJ explained that while the evidence shows that Perreault has Meniere's disease, some hearing loss, bouts of dizziness, and some anxiety, it does not support Dr. Pappotto's determination that these conditions are disabling. Rather, Dr. Pappotto's treatment records indicate that Perreault appeared healthy and walked normally. The ALJ also noted that Perreault had not visited an emergency room and did not have changes in his medication in recent years, which suggested that his symptoms are stable.[2] The Magistrate Judge found that the ALJ's decision to give Dr. Pappotto's opinion little weight was supported by substantial evidence. The Court has examined the treatment records cited by the ALJ and the Magistrate Judge and agrees that the ALJ's decision to give Dr. Pappotto's decisions little weight is supported by substantial evidence because the treatment records do not support Dr. Pappotto's opinion that Perreault was disabled.

### II. Support Provided for RFC Finding

Perreault argues that the ALJ did not adequately support her RFC finding. This same argument was presented to the Magistrate Judge who explained which documents the ALJ cited in reaching her RFC determination. As the Magistrate Judge explained, the ALJ based her opinion

---

2. The Court acknowledges that a patient's condition could be both stable and disabling, as Perreault argues. However, the ALJ determined that Dr. Pappotto's records did not support Dr. Pappotto's opinion that Perreault's symptoms were disabling.

3

on Perreault's treatment records from Dr. Pappotto and on the opinion of Dr. Yates, a state agency consultant who evaluated Perreault's mental health. The ALJ also considered Perreault's ability to do daily living activities. Perreault does not explain how the Magistrate Judge failed to fully address this argument other than to accuse the ALJ and the Magistrate Judge of substituting their own lay opinions for that of Dr. Pappotto's. However, it is well settled that the RFC determination is a legal conclusion left for the ALJ. *See* 20 C.F.R. § 404.1527(d)(2). Further, a reviewing court is required to uphold the ALJ's RFC determination so long as the ALJ applied the correct legal standards and made factual findings supported by substantial evidence. *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012). The Court finds that the Magistrate Judge fully and properly addressed this argument and that the ALJ properly cited evidence in making her RFC determination.

### III. ALJ's Duty to Inquire

Perreault argues that the ALJ failed to properly inquire about his lack of emergency room visits, medication changes, and neurological visits. He argues that the ALJ should have asked why he did not need emergency room care, a change in his medication, or neurological evaluation. However, the hearing record indicates that the ALJ did ask Perreault about the extent to which his medication controlled his symptoms, asked whether his dosages had been adjusted, and why his doctors had not adjusted his medication even though he described continuing symptoms. The ALJ also asked whether Perreault had ever seen a neurologist regarding his episodes of vertigo and when he did so. As a result, the Court finds that the ALJ fulfilled her duty to inquire.

### IV. Subjective Complaints

Finally, Perreault argues that the ALJ failed to properly evaluate his subjective complaints because she found that they were inconsistent with his ability to engage in daily activities and

because they were not supported by his treatment records. The Magistrate Judge thoroughly addressed Perreault's arguments regarding the ALJ's analysis of his subjective complaints. Perreault does not raise any specific objections regarding how the Magistrate Judge erred in his review. Since Perreault fails to raise a proper objection, the Court reviewed the Magistrate Judge's analysis for clear error and found none.

## CONCLUSION

For the reasons stated herein, it is **ORDERED** that Perreault's objections are **OVERRULED**, that the R & R is **ADOPTED**, and that the Commissioner's final decision is **AFIRMED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**August 31, 2018**
**Charleston, South Carolina**